## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SHERRI DESAIGOUDAR

     Plaintiff,

vs.                                Case No.

Charter Communications, Inc.
d/b/a Spectrum,

     Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, SHERRI DESAIGOUDAR, and sues Defendant, CHARTER COMMUNICATIONS, INC., doing business as SPECTRUM, (hereinafter referred to as "CHARTER" and "SPECTRUM"), and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1. That jurisdiction and venue are proper in this court.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, and pursuant to 28 U.S.C. §1367 for pendant state law claims.

1

3.  Venue is proper pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claims occurred in this judicial district, Plaintiff, SHERRI DESAIGOUDAR, resides within this judicial district, and Defendant transacts business within this judicial district.

## **PARTIES**

4.  Plaintiff, SHERRI DESAIGOUDAR, is a natural person, is "sui juris" and is a "consumer" and "debtor" as those terms are defined by the applicable Federal and State Statutes referred to herein.

5.  Defendant, CHARTER, is a Connecticut corporation, doing business in the State of Florida.

6.  At all times material hereto, Defendant, CHARTER, provided to Plaintiff residential cable television service through its residential brand, Spectrum, account number ending in "-2481-04".

7.  Defendant is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(5) and is a "person" under Florida Statute § 559.72.

8.  All conduct of Defendant, CHARTER, alleged by Plaintiff was authorized and/or ratified by one or more officers, directors, or

managers of Defendant, and Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others.  The conduct alleged herein was despicable, oppressive, and done knowingly with intent, with malice, and without cause.

9.  At all times material, the agents and/or employees of Defendant, CHARTER, acted within the course and scope of their agency or employment, and acted with the consent, permission and authorization of Defendant.

### FACTUAL AND PROCEDURAL BACKGROUND

10. Plaintiff, SHERRI DESAIGOUDAR, contracted with CHARTER for SPECTRUM home cable television service in approximately March 2021 and had made timely, regular monthly payments for such service. Per her contract, the CHARTER monthly invoice is generated on the second day of the month for the entire current month of service for which payment is due.

11. As a senior citizen living "paycheck to paycheck" on Social Security retirement and a modest, temporary alimony benefit,

Plaintiff experienced difficulty paying necessary living expenses and unsecured debt.

12. Due to continued unforeseen medical and living expenses, Plaintiff decided that it was in her best interests to seek bankruptcy protection.   On or about February 1, 2021, Plaintiff, SHERRI DESAIGOUDAR, retained Robert M. Geller, Esquire, and the Law Offices of Robert M. Geller, P.A. with regard to all existing claims of indebtedness and for the filing of a bankruptcy.

13. Plaintiff maintained her account with Defendant in good standing thereafter for as long as she was financially able to do so until July 2021.   At that time, Plaintiff decided to cancel services with Defendant as she could no longer afford the expense of cable television and wanted to avoid owing a debt to Defendant.

14. On July 16, 2021, Plaintiff called SPECTRUM at 855-657-7328 to cancel her service.  She informed Defendant's agent that she could no longer afford to pay for the service.  Defendant's agent informed Plaintiff that SPECTRUM would mail her an addressed, prepaid shipping box for her to return her cable box and other hardware to SPECTRUM.  Plaintiff had paid for her June service and wanted to

cancel so that she owed a minimal balance to SPECTRUM for July. However, Defendant's agent informed Plaintiff that SPECTRUM would not cancel service and close out the billing account until they received the hardware.  The agent informed Plaintiff that she should receive the shipping box within a few days.

15. On July 30, 2021 at 10:01 a.m., Plaintiff called SPRECTRUM at 855-657-7328 to inquire as to why she had not yet received the return shipping box and to again cancel service.  She expressed to Defendant's agent again that she could not afford service and was concerned about being billed for July and potentially August knowing that she could not afford to pay for such service. Defendant's agent stated that SPECTRUM would send a return shipping box out to her again.

16. On or about August 5, 2021, Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 866-914-5806 in an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff which was: *"This call may be*

*recorded for quality and security purposes.  If I'm speaking with*

*Sherry Desaigoudar, please press one.  If they're available to*

*come to the phone, press two.  If they can't come to the phone*

*right now, press three.  And, if we've reached the wrong number,*

*press four.*  [Approximate eight second pause].  *Sorry, If I'm*

*speaking with Sherry Desaigoudar, please press one.  If they're*

*available to come to the phone, press two.  If they can't come to*

*the phone right now, press three.  If this is not a good time, you*

*can call us back at 866-914-5806, again that's 866-914-5806.*

*Finally, if Spectrum has dialed the wrong number or reached the*

*wrong person, please visit Spectrum.com/remove so we can make*

*the appropriate changes.  Thank you.*  [Approximate eight second

pause].  *I'm sorry, I'm going to have to hang up now.  Once*

*again, the number to reach Spectrum is 866-914-5806.  Thank*

*you.  Goodbye."*

17. Upon receiving this voicemail message and with another week
    having passed without receiving the return shipping box she
    requested multiple times, Plaintiff called SPECTRUM at 855-657-
    7328 on August 7, 2021 at 5:52 p.m. Plaintiff informed Defendant's

agent, "Eileen", that: this was her third call to cancel service; she still had not yet received the return shipping box; she had requested the box more than three weeks earlier; and, that she could not afford to pay for the service that she had attempted to cancel in July. "Eileen" apologized to Plaintiff and promised to rush the box out to her immediately so the account could be fully and finally closed.

18. On or about August 10, 2021, Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 866-914-5806 in an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff which was: *This call may be recorded for quality and security purposes.  If I'm speaking with Sherry Desaigoudar, please press one.  If they're available to come to the phone, press two.  If they can't come to the phone right now, press three.  And, if we've reached the wrong number, press four.*  [Approximate eight second pause].  *Sorry, If I'm speaking with Sherry Desaigoudar, please press one.  If they're available to come to the phone, press two.  If they can't come to*

*the phone right now, press three.  If this is not a good time, you*

*can call us back at 866-914-5806, again that's 866-914-5806.*

*Finally, if Spectrum has dialed the wrong number or reached the*

*wrong person, please visit Spectrum.com/remove so we can make*

*the appropriate changes.  Thank you.*  [Approximate eight second

pause].  *I'm sorry, I'm going to have to hang up now.  Once*

*again, the number to reach Spectrum is 866-914-5806.  Thank*

*you.  Goodbye."*

19. On or about August 10, 2021, Plaintiff, SHERRI

    DESAIGOUDAR, received a letter from SPECTRUM dated

    August 5, 2021 which stated ". . . please pay $83.24 in order to

    continue to receive your Spectrum services."  The notice

    instructed, "Total Amount to be Paid:  $172.64".

20. Plaintiff incurred this financial obligation primarily for personal,

    family, or household purposes, and was therefore a "debt" as

    defined by Florida Statute § 559.55 and § 559.72.

21. On or about August 13, 2021 at 8:28 p.m., Plaintiff, SHERRI

    DESAIGOUDAR, received a telephone call from an agent or

    employee of CHARTER from telephone number 888-205-2354 in

an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff which was: *"[partially cutoff] - 205-2354.  Again, this is Spectrum calling from 888-205-2354.  If we called the wrong number, please visit www.Spectrum.com/remove for more information. Thank you."*

22. On or about August 14, 2021 at 4:18 p.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 888-205-2354 in an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff which was: *"[partially cutoff] - 2354 to help maintain your Spectrum service.  Again, this is Spectrum calling from 888-205-2354 about a pending service interruption.  If we called the wrong number, please visit www.Spectrum.com/remove for more information. Thank you."*

23. On or about August 15, 2021, Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 888-205-2354 in

an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff which was: *"[partially cutoff] - 2354 to help maintain your Spectrum service.  Again, this is Spectrum calling from 888-205-2354 about a pending service interruption.  If we called the wrong number, please visit www.Spectrum.com/remove for more information. Thank you."*

24. On or about August 16, 2021, Plaintiff returned the cable box and hardware to Defendant as she finally received the shipping box more than one month after her original request.

25. On or about August 16, 2021 at 8:38 p.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 888-205-2354 in an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff which was: *"[partially cutoff] - 2354 to help maintain your Spectrum service.  Again, this is Spectrum calling from 888-205-2354 about a pending service*

*interruption.  If we called the wrong number, please visit www.Spectrum.com/remove for more information. Thank you."*

26. On or about August 17, 2021 at 11:45 a.m., Plaintiff returned the call to SPECTRUM at the telephone number repeatedly provided in the robotic voicemail messages she had been receiving. Plaintiff spoke with Defendant's agent, "Jordan", who was extremely rude.  Ms. Desaigoudar attempted to inform "Jordan" that she had retained an attorney for filing bankruptcy and to revoke consent for SPETRUM to call her cellular phone number. "Jordan" refused to take any information regarding Plaintiff's counsel, repeatedly and rudely cut Plaintiff off and spoke over her.  Any time Plaintiff attempted to provide her attorney's contact information, "Jordan" interjected that Plaintiff would receive a packet in the mail to complete regarding her potential bankruptcy filing.  Plaintiff insisted that "Jordan" take her attorney contact information, which he repeatedly refused, as she did not want to wait for a packet from Defendant since she waited for more than a month to receive her return shipping box from them.  Plaintiff stated that she revoked consent for SPECTRUM

to call her cellular phone number, and due to "Jordan's"

belligerence, Plaintiff was forced to end the call at 11:53 a.m.

27. On or about August 17, 2021 at 8:48 p.m., Plaintiff, SHERRI

DESAIGOUDAR, received a telephone call from an agent or

employee of CHARTER from telephone number 888-205-2354 in

an attempt to collect a debt via an automatic dialing system which

resulted in Defendant leaving a pre-recorded, robotic voice,

voicemail message for Plaintiff which was: *"[partially cutoff] -*

*2354 to help maintain your Spectrum service.  Again, this is*

*Spectrum calling from 888-205-2354 about a pending service*

*interruption.  If we called the wrong number, please visit*

*www.Spectrum.com/remove for more information. Thank you."*

28. On or about August 18, 2021 at 8:44 p.m., Plaintiff, SHERRI

DESAIGOUDAR, received a telephone call from an agent or

employee of CHARTER from telephone number 888-205-2354 in

an attempt to collect a debt via an automatic dialing system which

resulted in Defendant leaving a pre-recorded, robotic voice,

voicemail message for Plaintiff which was: *"[partially cutoff] -*

*2354 to help maintain your Spectrum service.  Again, this is*

12

*Spectrum calling from 888-205-2354 about a pending service interruption.  If we called the wrong number, please visit www.Spectrum.com/remove for more information. Thank you."*

29. On or about August 23, 2021 at 1:45 p.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 813-726-3017 in an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff.

30. On or about August 23, 2021 at 3:31 p.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 813-726-3017 in an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff.

31. On or about August 23, 2021 at 8:19 p.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 888-205-2354 in an attempt to collect a debt via an automatic dialing system which

resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff which was: "[partially cutoff] - *2354 to help maintain your Spectrum service. Again, this is Spectrum calling from 888-205-2354 about a pending service interruption. If we called the wrong number, please visit www.Spectrum.com/remove for more information. Thank you.*"

32. On or about August 24, 2021 at 8:55 p.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 888-205-2354 in an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff which was: "[partially cutoff] - *2354 to help maintain your Spectrum service. Again, this is Spectrum calling from 888-205-2354 about a pending service interruption. If we called the wrong number, please visit www.Spectrum.com/remove for more information. Thank you.*"

33. On or about August 25, 2021 at 11:34 a.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 888-205-2354 in

an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff which was: *"[partially cutoff] - 2354 to help maintain your Spectrum service.  Again, this is Spectrum calling from 888-205-2354 about a pending service interruption.  If we called the wrong number, please visit www.Spectrum.com/remove for more information. Thank you."*

34. On or about August 26, 2021 at 1:40 p.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 888-205-2354 in an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff

35. On or about August 26, 2021 at 8:44 p.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 888-205-2354 in an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff which was: "[partially cutoff] -

*2354 to help maintain your Spectrum service.   Again, this is Spectrum calling from 888-205-2354 about a pending service interruption.   If we called the wrong number, please visit www.Spectrum.com/remove for more information. Thank you."*

36. On or about August 27, 2021 at 10:53 a.m., Plaintiff called the SPECTRUM billing department in response to the volume of calls she was receiving.  She informed "James", Defendant's agent, that she had retained an attorney for handling the debt and filing bankruptcy and asked SPECTRUM to cease calling her and to call her attorney.   Further, Ms. Desaigoudar revoked consent for SPECTRUM to call her cellular phone or continue to communicate directly with her in any way.  She also informed "James" that she had provided this information to "Jordan" on August 17, 2021 and wanted to confirm that it was notated in her file.   "James" responded that there was no record of Plaintiff's call with "Jordan" on August 17, 2021 and that he could not stop the communications. He threatened Ms. Desaigoudar that her account would most likely be sent to collections as ". . .  there is a federal statute that gives Spectrum the right to do so and they do it all the time."  "James"

stated that there were no notes entered in Ms. Desaigoudar's file regarding attorney representation and that he would not enter any such information.  He stated that Plaintiff's attorney ". . . must call Spectrum and provide the information since she does not yet have a bankruptcy case number."   Ms. Desaigoudar pleaded with "James" to notate her attorney representation and revocation of consent to call her cellular phone but he refused.  He did send a message and create "ticket #43743050" for the "payment services department" but stated "They may or may not contact you." Plaintiff reminded "James" that all calls were recorded by SPECTRUM to which he responded that it would be very difficult to retrieve the call and that even so only ". . . advertisements and promotions can be stopped."  Since James refused to notate the file, Plaintiff was forced to end the call at 11:28 a.m.

37. Unsatisfied with "James'" refusal of assistance, Ms. Desaigoudar returned a voicemail message call to SPECTRUM at 888-205-2354 on August 27, 2021 at 7:17 p.m.  She spoke with a manager who inquired as to why her service had been interrupted.   Ms. Desaigoudar stated that she had retained an attorney for handling

the debt and filing bankruptcy and asked SPECTRUM to cease calling her and to call her attorney.  Further, Ms. Desaigoudar revoked consent for Defendant to call her cellular phone or continue to communicate directly with her in any way.  The SPECTRUM manager stated that he understood as he had personally filed bankruptcy ten years ago and would add Ms. Desaigoudar to the SPECTRUM internal "Do Not Call List".  Ms. Desaigoudar thanked him and ended the call.

38. On or about August 27, 2021 at 8:22 p.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 888-205-2354 in an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff which was: "[partially cutoff] - *2354 to help maintain your Spectrum service.  Again, this is Spectrum calling from 888-205-2354 about a pending service interruption.  If we called the wrong number, please visit www.Spectrum.com/remove for more information. Thank you.*"

39. On or about August 28, 2021 at 4:17 p.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 888-205-2354 in an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff which was: *"[partially cutoff] - 2354 to help maintain your Spectrum service.  Again, this is Spectrum calling from 888-205-2354 about a pending service interruption.  If we called the wrong number, please visit www.Spectrum.com/remove for more information. Thank you."*

40. On or about August 29, 2021 at 4:48 p.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 888-205-2354 in an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff which was: *"[partially cutoff] - 2354 to help maintain your Spectrum service.  Again, this is Spectrum calling from 888-205-2354 about a pending service*

interruption.   If we called the wrong number, please visit www.Spectrum.com/remove for more information. Thank you.*

41.  On or about August 31, 2021 at 11:34 a.m., Plaintiff received a text message from Defendant from 833-878-8188 which read: *"Hello from SPECTRUM. Your services have been interrupted. To restore services, please call 1-855-955-2339. Reply STOP to opt-out."*

42.  On or about August 31, 2021, Plaintiff received a telephone call from "Nick" an agent or employee of CHARTER from telephone number 407-537-7564 in an attempt to collect a debt.   "Nick" informed Plaintiff that her account has generated ". . . an open work order for final disconnection due to non-payment.   This is quite time sensitive ma'am because a field technician has already been assigned to your account here . . . to permanently disconnect your services. . . I do hope to hear from you soon ma'am. . ."

43.  On or about September 13, 2021, Plaintiff received a telephone call from an agent or employee of CHARTER from telephone number 407-863-4819 in an attempt to collect a debt.   The agent did not identify himself but stated he was calling from Spectrum and asked Plaintiff to return his call.

44. On or about September 15, 2021, Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of CHARTER from telephone number 888-205-2354 in an attempt to collect a debt via an automatic dialing system which resulted in Defendant leaving a pre-recorded, robotic voice, voicemail message for Plaintiff in regard to restoring her service.

45. On or about September 16, 2021, Plaintiff, SHERRI DESAIGOUDAR, received a monthly statement from CHARTER claiming that she owed an alleged balance of $181.71.

46. On or about September 18, 2021, Plaintiff, SHERRI DESAIGOUDAR, received an email from CHARTER in an attempt to collect a debt which stated that her bill was now available and that she owed a balance of $181.71.

47. On or about September 26, 2021, Plaintiff, SHERRI DESAIGOUDAR, received a "Final Notice" bill from CHARTER in an attempt to collect a debt which stated that her final balance owed was $181.71.

48. On or about October 5, 2021, Plaintiff, SHERRI DESAIGOUDAR, received an email from CHARTER in an attempt to collect a debt

which stated that her bill was now available and that she owed a balance of $181.71.

49. On or about October 6, 2021 at 11:34 a.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of Sunrise Credit Services, Inc. calling on behalf of CHARTER from telephone number 813-337-0786 in an attempt to collect a debt.

50. On or about October 7, 2021, Plaintiff received a letter from Sunrise Credit Services, Inc. informing her that Defendant had placed or assigned Plaintiff's account with them for collection. This collection letter showed a balance due of $181.71.

51. On or about October 8, 2021 at 1:52 p.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of Sunrise Credit Services, Inc. calling on behalf of CHARTER from telephone number 866-228-5970 in an attempt to collect a debt.

52. On or about October 8, 2021 at 7:44 p.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of Sunrise Credit Services, Inc. calling on behalf of

CHARTER from telephone number 866-228-5970 in an attempt to collect a debt.

53. On or about October 9, 2021 at 10:52 a.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of Sunrise Credit Services, Inc. calling on behalf of CHARTER from telephone number 866-228-5970 in an attempt to collect a debt.

54. On or about October 11, 2021 at 3:02 p.m., Plaintiff, SHERRI DESAIGOUDAR, received a telephone call from an agent or employee of Sunrise Credit Services, Inc., "Tiffany Lane", calling on behalf of CHARTER from telephone number 866-228-5970 in an attempt to collect a debt.  Ms. Desaigoudar informed "Tiffany" of her intention to file bankruptcy and of Defendant's refusal to accept her attorney's contact information.  "Tiffany" asked what chapter Ms. Desaigoudar intended to file to which she replied, "Chapter 7".  "Tiffany" asked for Plaintiff's attorney contact information, advised that her file would be updated, and she would not be bothered again.  "Tiffany" was polite, patient and respectful for the entire duration of the call which ended at 3:29 p.m.

55. At all times material, the Defendant and their agents have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the Telephone Consumer Protection Act ("TCPA") 47 U.S.C Section 227(a)(1).

## **COUNT I –VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**

56. Plaintiff, SHERRI DESAIGOUDAR, re-alleges and re-incorporates the allegations set forth in paragraphs 1 through 55 of this Complaint.

57. 47 U.S.C. § 227(b)(1)(A)(iii) provides,

> **"It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. . ."**

58. Defendant, CHARTER, is subject to and has violated the provisions of 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system and a pre-recorded, artificial voice to call Plaintiff's cellular phone without her prior consent – calling a total of at least twenty-two (22) times, that were documented by the Plaintiff, with an automatic dialing system and leaving at least

fifteen (15) pre-recorded messages.  Defendant also caused a third-party debt collector to dial Plaintiff's cellular phone an additional five (5) times using an automatic telephone dialing system and a pre-recorded, artificial voice.

59.  Plaintiff did not provide Defendant with prior express consent to call her cellular phone.  Regardless, Plaintiff specifically revoked any express or implied consent to call her cell phone with an automatic dialer or pre-recorded voice on multiple occasions and demanded that Defendant stop calling her cellular phone and call her attorney.

60.  Objective indicators that Defendant used an automatic dialing system to contact Plaintiff include: at least fifteen (15) pre-recorded or artificial voice, voicemail messages left by Defendant's phone system; that Plaintiff owed Defendant a debt; that Defendant was calling about said debt; that Defendant called on "back to back" days (*Neptune v. Whetstone Partners, LLC*, 34 F. Supp 3d 1247, 1250 (S.D. Fla. 2014), called three days in a row and called every day for a prolonged period of time; that Plaintiff received two, and sometimes, three calls on the same day; that an

agent had no control over the call list and could not choose not to call a number; that Plaintiff's multiple requests were ignored; that the pre-recorded and artificial voicemail messages were identical in subject matter and duration; that multiple agents asked for the same information; that Defendant left the identical pre-recorded voice message or identical artificial voice message every time they called; that the calls were repetitive in nature and that the pre-recorded, artificial voicemail messages often began before the recording started leaving a partial message with the first half of the recording cut-off and omitted.

61. Each call made to Plaintiff that was in violation of the TCPA was a call made knowingly, willfully, and consciously in violation of the TCPA.

62. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered:  Periodic loss of cellular telephone service; statutory damages under the TCPA.

WHEREFORE, Plaintiff, SHERRI DESAIGOUDAR, requests judgment against Defendant, CHARTER, for statutory damages in the amount of $500.00 per violation of the TCPA, treble statutory damages per

knowing and willful violation of the TCPA, actual damages, costs, interest, including but not limed to those awardable pursuant to the TCPA, and such other equitable relief this court deems appropriate.

## **COUNT II – VIOLATION OF FLA. STAT. § 559.72(7)**

63.  Plaintiff, SHERRI DESAIGOUDAR, re-alleges and reincorporates the allegations set forth in paragraphs 1 through 62 of this Complaint.

64.  Florida Statute § 559.72(7) provides,

> **"In collecting consumer debts, no person shall willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."**

65.  Plaintiff, SHERRI DESAIGOUDAR, informed agents of Defendant on numerous occasions that she had retained attorney Robert M. Geller with the Law Offices of Robert M. Geller, PA, for filing bankruptcy and for the handling of the alleged debt. Plaintiff asked agents of Defendant on multiple occasions to stop calling her and to call her attorney.  Plaintiff specifically revoked any express and/or implied consent to call her cellular phone with multiple agents of Defendant.

27

66. Despite this information, Defendant continued to contact Plaintiff in an attempt to elicit payment through an unreasonable volume of telephone calls in a short duration of time. Defendant's incessant contact with Plaintiff utilizing various media such as telephone, text, email and written letter was harassing and abusive in direct violation of Florida Statute § 559.72(7).

WHEREFORE, Plaintiff, SHERRI DESAIGOUDAR, requests judgment against Defendant, CHARTER, for statutory damages in the amount of $1,000.00 for violation of this provision of the statute, and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT III – VIOLATION OF FLA. STAT. § 559.72(18)

67. Plaintiff, SHERRI DESAIGOUDAR, incorporates the allegations of paragraphs 1 through 66 of this Complaint.

68. Florida Statute § 559.72(18) provides,

> **"In collecting consumer debts, no person shall communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication."**

69. Defendant, CHARTER, knew as of July 2021 that Plaintiff, SHERRI DESAIGOUDAR, verbally advised a representative of Defendant that she was represented by an attorney and provided her attorney's name and phone number.  Each time Plaintiff attempted to provide her attorney's contact information, agents of Defendant initially refused to take the information.  Some agents refused to take the attorney contact information for the duration of the call and ended the call without recording the attorney contact information in an attempt to continue to contact Plaintiff directly in regard to the debt in express violation of the statute.

70. Defendant's continued communication with Plaintiff, SHERRI DESAIGOUDAR, regarding her debt, despite their possessing Debtor's attorney name and contact information and their having actual knowledge of the same represents a direct violation of Florida Statute § 559.72(18).

WHEREFORE, Plaintiff, SHERRI DESAIGOUDAR, requests judgment against Defendant, CHARTER, for statutory damages in the amount of $1,000.00 for violation of this provision of the statute, and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

## <u>COUNT IV – VIOLATION OF FLA. STAT. § 559.72(9)</u>

71. Plaintiff, SHERRI DESAIGOUDAR, incorporates the allegations of paragraphs 1 through 149 of this Complaint.

72. Florida Statute § 559.72(9) provides,

> **"In collecting consumer debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."**

73. Despite notice and consequent knowledge that Plaintiff was represented by counsel, Defendant continuously called Plaintiff's cell phone in an attempt to elicit payment from her.

74. In attempting to collect Plaintiff's debt directly from her despite its knowledge that Ms. Desaigoudar was represented by counsel, Defendant asserted the existence of a legal right to collect Plaintiff's debt when it knew such a right did not exist. Defendant's agents explicitly refused to take Plaintiff's attorney's contact information in an attempt to subvert the statutory protection and to continue to assert an illegitimate legal right to contact the Plaintiff directly even though she had expressly informed them of attorney representation. Further, Defendant's agents incorrectly asserted that Plaintiff's counsel was required to contact Defendant directly

to inform them of representation and that Plaintiff had to complete a packet that would be mailed to her for Defendant to accept the attorney contact information and update the file.

75. Defendant's repeated collection attempts directly violated Florida Statute § 559.72(9).

76. WHEREFORE, Plaintiff, SHERRI DESAIGOUDAR, requests judgment against Defendant, CHARTER, for statutory damages in the amount of $1,000.00 for violation of this provision of the statute, and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT V – INVASION OF PRIVACY

77. Plaintiff, SHERRI DESAIGOUDAR, re-alleges and re-incorporates the allegations set forth in paragraphs 1 through 76 of this Complaint.

78. Plaintiff, SHERRI DESAIGOUDAR, had a reasonable expectation of privacy in solitude, seclusion, private concerns or affairs, and private financial information.

79. Defendant, CHARTER, and its agents, intentionally and/or negligently interfered, physically or otherwise, with the solitude,

seclusion, and/or private concerns or affairs of Plaintiff, SHERRI DESAIGOUDAR, by repeatedly and unlawfully attempting to collect a debt from Plaintiff.

80. Defendant, CHARTER, intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

81. Defendant and its agents undertook a series of communications to Plaintiff's home constituting an invasion of privacy. Said communications were harassing, unreasonable, systematic and continuous in number and made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, frighten, embarrass and/or humiliate Plaintiff into paying a debt.

82. Defendant's invasions were intentional, willful, and malicious violations of Plaintiff's privacy. Said invasions were regular, continuous and systematic, harassing, and unreasonable collection efforts.

83. The conduct of Defendant, CHARTER, resulted in multiple intrusions and invasions of privacy by Defendant, which occurred

in a way that would be highly offensive to a reasonable person in Plaintiff's position.

84. Defendant's repeated invasions have caused Plaintiff to suffer emotional distress, embarrassment, and humiliation.

WHEREFORE, Plaintiff, SHERRI DESAIGOUDAR, requests judgment against Defendant, CHARTER, for actual damages and any further relief that may be deemed just and proper.

## COUNT VI – DECLARATORY AND INJUNCTIVE RELIEF

85. Plaintiff, SHERRI DESAIGOUDAR, re-alleges and re-incorporates the allegations set forth in paragraphs 1 through 84 of this Complaint.

86. Unless Defendant is immediately enjoined from continuing to harass Plaintiff in their attempt to collect a debt, including but not limited to, continuously calling Plaintiff and sending collection notices to Plaintiff in an attempt to collect the debt, despite Defendant's knowledge that Plaintiff expressly revoked consent to call her cellular phone and is represented by counsel regarding the debt, Plaintiff will suffer irreparable injury.

87. Plaintiff, SHERRI DESAIGOUDAR, has a clear right to the protections of the FCCPA and TCPA.

88. The requested injunction is reasonably necessary to protect the legal rights of Plaintiff, and it will have no adverse effect on the public welfare.

WHEREFORE, Plaintiff, SHERRI DESAIGOUDAR, respectfully requests this Court to enter a judgment against the Defendant for the following:

a. Declaratory relief against Defendant for violations of the FCCPA;

b. Injunctive relief against Defendant for violations of the FCCPA;

c. An award of actual damages, statutory damages and reasonable attorney's fees and costs against Defendant for violations of the FCCPA;

d. Declaratory relief against Defendant for violations of the TCPA;

e.  Statutory damages in the amount of $500.00 per violation of the TCPA, treble statutory damages per knowing and willful violation of the TCPA, actual damages, costs and interest;

f.  An award of actual damages for violation of Plaintiff's common law right to privacy; and,

g.  Such other relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, SHERRI DESAIGOUDAR, demands trial by jury in this action.

Respectfully submitted this 20th day of July, 2022.

/s/Frank T. Papa
Frank T. Papa, Esquire
FL Bar # 150355
Law Offices of Robert M. Geller, P.A.
807 West Azeele Street
Tampa, Florida 33606
Phone: (813) 254-5696
Facsimile: (813) 253-3405
Primary E-mail:
fpapa@robertgellerlaw.com
Attorney for Plaintiff